UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAIR AIRLINES, LTD, | ) |
| Plaintiff, | ) |
| | ) No. 18-CV-2023 |
| v. | ) |
| | ) Magistrate Judge Michael Mason |
| GREGOR, LLC, et al. | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

For the reasons set forth in more detail below, the Court respectfully recommends that Defendants' Motion For Dismissal of Complaint and Other Sanctions For Spoliation of Evidence [136] be denied.

### Background

Plaintiff Flair Airlines filed this action against defendants Gregor, LLC, Vacabo Services, LLC, Dusan Milicevic and Froska Miteva, asserting claims for cybersquatting, unfair competition and trademark infringement under the Lanham Act, as well as claims for deceptive trade practices under Illinois law. In their answer, defendants asserted various counterclaims, including the claim that Flair breached a joint venture agreement it had with defendants.

Flair is in the business of air transport. Initially, Flair only operated charter flights but later sought to add commercial flights. As a result, Flair approached defendants for assistance with reservations, ticketing, and commercial passenger services. Thereafter, defendants, through the company Vacabo Services ("Vacabo"), operated a few reservation call centers for Flair. As part of its call center operations, Vacabo opened

1

an account with Teramind Services, LLC, which is an employee monitoring service. Teramind was to monitor telephone calls of customer service agents for the call center that was to service Flair's customer service needs. Teramind recorded these calls, which also included recorded conversations between Flair employees, including Arlene Teller ("Teller"), in which (according to defendants) these employees discussed that Flair would be terminating its relationship with the defendants. Flair CEO Jim Scott was aware that these recordings existed.

Pending now before the Court is defendants' Motion in Support of Dismissal of Complaint and Other Sanctions for Spoliation of Evidence [136]. In this motion, defendants claim that Flair is responsible for the loss of certain audio recordings and emails from the Teramind account. On March 2, 2018, just days after Flair had filed suit against defendants in Canada, Flair's Information Manager, James Hicks (or someone using his log-in credentials) accessed the Teramind account and removed the account of Teller. At this time, Mr. Hicks' Teramind account was also altered. Defendants suggest that this conduct was taken by either Mr. Hicks himself or by someone else associated with Flair, who used Mr. Hicks' log-in credentials. Defendants note that the IP address for the computer that accessed the Teramind account is located just a few miles from where Flair executives Jim Scott and Jerry Presley reside, thereby suggesting that one of these two individuals may be responsible for the deleted recordings.

Defendants claim that as a result of Mr. Hicks' conduct (or whoever may have used his credentials), hundreds of recordings and emails were deleted. Defendants also claim that this information is key evidence in this case, and that defendants clearly

acted in bad faith. As a result, defendants are asking the Court to dismiss the case in its entirety or impose other appropriate sanctions based on spoliation of the evidence.

In response, Flair argues that defendants' allegations are "speculative at best," and offers a completely different story about what happened to the recordings. Flair claims that it's the *defendants* who are responsible for the deleted recordings because defendants failed to maintain their subscription with Teramind. Flair provides the declaration of Chief Technology Officer at Teramind, Isaac Kohen, who explains that defendants, through defendant Milicevic, obtained the subscription with Teramind which was on a month to month basis. Mr. Milicevic failed to make the monthly subscription payment in June because the credit card on file was expired. Teramind sent two reminders to Mr. Milicevic, and he never responded. Ultimately, Teramind cancelled the subscription and deleted the stored data because these files used up a substantial amount of computer storage. Kohen's declaration states that this deletion was standard procedure for data associated with cancelled subscriptions. The declaration also states that Teramind will typically delete a customer's stored data once the customer's monthly fee is ten days in arears. Notably, Kohen's declaration states that recorded employee monitoring data *cannot be deleted* by customers or third parties while an account is still in good standing.

Flair also argues that Hicks' actions on March 2, 2018 were not done in bad faith. Hicks has submitted a declaration in which he states that although he did log in to the Teramind account on March 2, 2018, he did so in order to delete Flair employee accounts such as Teller's because all ties between Flair and defendants had been terminated and he did not want Teramind to continue to monitor the activities of a Flair

3

employee. Hicks attests that he had no intention of deleting any files that may be relevant to this case. He also attests that he did not delete any screen or audio recordings. He states that because he was not familiar with the Teramind system, he had to "try a number of different actions to accomplish these events," but that he does not believe any actions resulted in the deletion of any screen or audio recordings from Teramind. He also altered the settings of his own account so that he would no longer receive Teramind emails. Flair maintains that none of Hicks' acts were done with the intent to destroy evidence that is relevant to this case.

## Discussion

The Federal Rules of Civil Procedure require a party to disclose information sought by another party that is relevant to the claims or defenses. Fed.R.Civ.P. 26(b)(1). This disclosure duty would be a "dead letter" if parties could avoid it by simply failing to preserve documents they do not wish to produce. *Danis v. USN Communications, Inc.,* No. 98 C 7482, 2000 WL 1694325, at *1 (N.D. Ill. Oct. 20, 2000). "Therefore, fundamental to the duty of production of information is the threshold duty to preserve documents and other information that may be relevant in a case." *Id.* This includes the duty to preserve electronic data. *Byers v. Illinois State Police,* No. 99 C 8105, 2002 WL 1264004, at *10 (N.D. Ill. June 3, 2002).

There are two bases for imposing discovery sanctions for a party's spoliation of evidence. First, courts have the inherent power to impose sanctions against a party or counsel for the failure to preserve or produce documents. Chambers v. NASCO, Inc., 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); Barnhill v. U.S., 11 F.3d 1360, 1368 (7th Cir. 1993). Courts also have the statutory authority, under Rule 37, to

4

sanction a party for the failure to preserve and/or produce documents where a court order or discovery ruling has been violated. *China Ocean Shipping (Group) Co. v. Simone Metals Inc.*, No 97 C 2694, 1999 WL 966443, at *2 (N.D. Ill. Sept. 30, 1999).

In cases involving the spoliation of electronically stored evidence, which is at issue here, we look to the newly amended Rule 37(e) of the Federal Rules of Civil Procedure. This rule provides a new standard regarding sanctions for spoliation of electronic evidence. It states:

> Rule 37(e): Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; *or*
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> > (A) presume that the lost information was unfavorable to the party;
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). "Amended Rule 37(e), relative to its predecessor, significantly limits a court's discretion to impose sanctions for the loss or destruction of ESI." *Schmalz v. Vill. of N. Riverside*, No. 13 C 8012, 2018 WL 1704109, at *2 (N.D. Ill. Mar. 23, 2018). Therefore, a court must first make a finding that the following elements are met before determining whether sanctions are appropriate: (a) the ESI "should have been preserved in the anticipation or conduct of litigation"; (b) "a party failed to take reasonable steps to preserve" the ESI; (c) the ESI was "lost" as a result; and (d) the ESI

5

"could not be restored or replaced by additional discovery." Fed. R. Civ. P. 37(e); 2015 Amendment Advisory Committee Notes; *Schmalz*, 2018 WL 1704109, at *3.

Applying this standard to the facts of this case, we find that sanctions are not warranted because defendants have not established that Flair failed to take reasonable steps to preserve the recordings and that the ESI was lost as a result. Instead, we agree with Flair that defendants' version of events that led to the destruction is based upon mere speculation, which is not enough to warrant sanctions.

First, Kohen's declaration establishes that Teramind, rather than Flair, is responsible for the deletion of the recordings. Although it is uncontested that Hicks accessed the Teramind account, Hicks does not believe that he deleted any files that day, only that he deleted the account of a Flair employee. Notably, Hicks' declaration is corroborated by Kohen's declaration, which states that recorded employee monitoring data *cannot* be deleted by customers or third parties while an account is still in good standing, thereby establishing that Hicks could not have permanently deleted the data. Defendants have not provided us with sufficient evidence to question these sworn statements. And defendants have not claimed to have knowledge of when the files were in fact deleted so they have no evidence that the recordings were deleted by Hicks on March 2, 2018 rather than by Teramind in July after their account was in arears. Although they claim in their reply brief to have knowledge that Hicks deleted the files, we have reviewed the exhibits to which they cite in support of these assertions and we do not find that they establish that Hicks deleted the recordings. Mr. Milicevic has provided a declaration stating that a Teramind technician told him the deletions occurred on March 2, 2018, but the same technician told him that if Hicks deleted

6

something, Vacabo would be able to restore it. In any event, in light of Kohen's declaration, we cannot say with certainty that Hicks is responsible for the deleted recordings.

Furthermore, even if Hicks did delete files on March 2, 2018, which we do not believe he did, there is no evidence that he acted intentionally to deprive defendants of this information or that he acted in bad faith. Indeed, it appears from the facts of this case that if anyone is responsible for failing to take appropriate steps to preserve evidence, it is the defendants who failed to keep their payment information with Teramind up to date. Defendants repeatedly argue that because Hicks deleted Teller's account, he must also have deleted all the files. But we find that this is mere speculation that is insufficient to warrant sanctions under either Rule 37 or the Court's inherent authority. *See In Re Text Messaging Antitrust Litig.*, 46 F. Supp. 3d 788, 797 (N.D. Ill. May 19, 2014) (denying spoliation sanctions where spoliation claim was based on speculation and the party had not met its burden of showing intentional destruction of evidence.)

We also agree with Flair that defendants' suggestion that Flair officers Jim Scott or Jerry Presley may have deleted the files is also based on pure speculation. Defendants suggest that because both of them live only "a few miles" from the computer IP address that was used to access the account, they are likely responsible. This is completely baseless, and it appears to the Court that defendants are throwing up any possible suggestion to see what sticks. This is not an appropriate means of obtaining sanctions for spoliation of evidence.

7

In sum, defendants simply have not established that Flair intentionally lost or destroyed evidence or otherwise acted in bad faith. *See, e.g., Trade Fin. Partners, LLC v. AAR Corp,* No. 06-C-3466, 2008 WL 904885, at *13 (N.D. Ill. Mar. 31, 2008). At best, they have offered "unsubstantiated speculation that any spoliation was intentional," which is insufficient under the standard of imposing sanctions. *Id.* Accordingly, we find that defendants have failed in their attempts to establish that sanctions are warranted in this case.

### Conclusion

For the reasons set forth above, defendants' Motion for Dismissal of Complaint and Other Sanctions for Spoliation of Evidence [136] is denied in part. Specific written objections to this Report and Recommendation may be served and filed within 14 days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specific time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995).

Dated: December 14, 2018

_____
Michael T. Mason
United States Magistrate Judge

8