IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Flair Airlines, Ltd.,** | ) | |
| Plaintiff, | ) | Case No: 18 C 2023 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **Gregor LLC, Vacabo Services, LLC,** | ) | |
| **Dusan Milisevic, and Froska Miteva,** | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's motion to dismiss the second amended counterclaim ("SAC") [65] is denied.

## STATEMENT

**Facts**

Based on its prior orders, the Court assumes familiarity with the facts of this case and will address them in detail only as necessary to the resolution of this motion. In general, Defendants allege that in 2016, officers of Flair Airlines, Ltd. ("Flair"), an air-transport company, approached Dusan Milicevic ("Dusan"), who has expertise in airline reservation technology, operations, and marketing, to assist Flair in expanding its business. Dusan suggested that he and other individuals and entities associated with him (including defendants Gregor LLC ("Gregor"), Vacabo Services, LLC ("Vacabo"), and Froska Miteva ("Froska")), develop a charter-flight service for Flair to add commercial routes from locations in the United States to the Caribbean and Latin America. The parties entered into a business relationship, which ultimately went sour, and Flair filed suit for alleged violations of the Lanham Act, also asserting state-law claims for breach of contract and deceptive trade practices. Defendants then filed a counterclaim[1] and a First Amended Counterclaim ("FAC"), which Flair moved to dismiss.

---

[1] Defendants assert that the instant SAC is a compulsory counterclaim under Federal Rule of Civil Procedure ("Rule") 13(a). "No independent basis of federal jurisdiction is needed for a compulsory counterclaim, as long as the court has jurisdiction over the plaintiff's original claim." *Simon v. Nw. Univ.*, No. 15 C 1433, 2017 WL 25173, at *3 (N.D. Ill. Jan. 3, 2017). The Court agrees that the counterclaim is compulsory. *See* Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.").

Defendants filed the instant SAC after the Court granted in part Flair's motion to dismiss the FAC. Flair now moves to dismiss the SAC, which alleges state-law claims for breach of contract, account stated, unjust enrichment, breach of fiduciary duty, and declaratory judgment.

**Standard**

Under Rule 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, the allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Analysis**

    A.    <u>Breach of Contract by Vacabo (Count II) and Breach of Joint Venture Agreement by Gregor, Dusan, and Froska (Count IX)</u>

Flair contends that the counts for breach of contract and breach of the alleged joint venture agreement should be dismissed with prejudice because Defendants fail to identify who, on their side, were parties to the alleged joint venture. In its order addressing Flair's motion to dismiss the FAC, the Court agreed that Defendants had failed to state a claim for breach of contract and breach of the joint venture, but allowed Defendants to amend these claims in order to identify the parties to the joint venture.[2] The Court ordered Defendants to identify "who the actual parties to the purported joint venture are." (9/17/2018 Mem. Op. & Order, Dkt. # 141, at 5.) While Defendants continue to refer to the joint venture members in somewhat vague terms at various points in the SAC, they allege that:

> 13. After discussion and negotiation, Flair on the first part and Dusan acting for Gregor, Froska and Livecchi on the second part, agreed to conduct the Project as

---

    [2] Defendants were alleging both that they were parties to the purported joint venture and third-party beneficiaries. To the extent that other individuals are still referenced as part of the purported joint venture, if they are not named as parties, they will not be included in any judgment, should Defendants receive one.

2

a joint venture (the Joint Venture") . . . .

(SAC, Dkt. # 150, ¶ 13.) Flair also contends that Defendants added certain "irrelevant and extraneous" allegations to these counts, which should be stricken. Even assuming that Flair is correct in its assessment of the additional allegations, because they may add context to the relevant factual allegations, the Court declines to strike them. Therefore, the Court denies the motion to dismiss Counts II and IX.

> B. Account Stated by Gregor (Count III), Account Stated by Vacabo (Count IV), Breach of Fiduciary Duty by Gregor, Dusan, and Froska (Count VII), and Declaratory Judgment (Count VIII)

Flair argues that these counts should be dismissed because they include amendments not permitted by the Court in its order of September 17, 2018. As to the account stated counts, to the extent that Defendants are unable to provide evidence that they have "stated" certain amounts as required by the cause of action, they will not be able to recover for those amounts. The Court therefore declines to strike the reference in the SAC to "additional amounts over and above the invoiced amounts." Flair also argues that Defendants should not be allowed to expand on the factual allegations in their breach of fiduciary duty counts because the Court denied Flair's motion to dismiss that count in the FAC and did not grant Defendants leave to amend it. Absent substantive legal issues with the allegations, the Court denies Flair's request to strike the expanded allegations.

As to Count VIII, the declaratory judgment count, Defendants sought in the FAC a declaration that "they are entitled to all rights in and ownership of the 'Copyright Material,'" which they defined as "works, as defined by United States Copyright Act, for use in the Joint Venture, including but not limited to a new route schedule, an entire reservation system and website, a booking engine and website, airline seat forecasting templates[, and] reservation and call center manuals." (9/17/2018 Order, Dkt. # 141, at 8.) The Court concluded that Defendants had not alleged that Flair attempted to assert ownership over the works, so there was no case or controversy under the Declaratory Judgment Act with respect to that claim. (*Id*.) In the newly-alleged declaratory judgment count, Defendants allege that Dusan "substantially created the design logo used by Flair today on aircraft and publications," and that Milica Sekulic "then placed colors and graphical processing of the designs." (SAC, Dkt. # 150, ¶ 91.) Defendants allege that Flair has attempted to assert ownership of the purportedly copyrighted material, and asks the Court to declare that Dusan "holds all lawful right, ownership and title to the Copyright Material." (*Id*. ¶ 98.) The parties debate whether the material at issue constitutes a work for hire, which is an inquiry that is not appropriate at the this stage of the litigation. Accordingly, the motion to dismiss this count is denied.

**Conclusion**

For the reasons stated above, Plaintiff's motion to dismiss parts of the SAC is denied.

**Date**: January 17, 2019

_____
**Ronald A. Guzmán
United States District Judge**